# IN THE UNITED STATES DISTICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LUKEHART TRUCKING, LLC** and **K. DOUGLAS LUKEHART T/D/B/A ARMSTRONG LOGISTICS** ) ) ) ) | Civil Action No. 2:17-CV-01623 |
| Plaintiffs, ) ) | **[**Magistrate Judge Cynthia Reed Eddy**]** |
| v. ) ) | *Filed Electronically* |
| **TAG TRANS, INC.** ) ) | |
| Defendant. ) | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Filed on behalf of:

Lukehart Trucking, LLC and,
Armstrong Logistics,
Plaintiffs

Counsel of Record for this Party:
Gregory W. Swank, Esquire
PA ID #61092

216 N. Jefferson Street
Kittanning, Pennsylvania 16201
(724) 919-8024
(724) 919-8050 - Fax
gws@swanklawoffices.com

IN THE UNITED STATES DISTICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LUKEHART TRUCKING, LLC and<br>K. DOUGLAS LUKEHART T/D/B/A<br>ARMSTRONG LOGISTICS | )<br>)<br>)<br>) | Civil Action No. 2:17-CV-01623 |
| Plaintiffs, | )<br>) | [Magistrate Judge Cynthia Reed Eddy] |
| v. | )<br>) | *Filed Electronically* |
| TAG TRANS, INC. | )<br>) | |
| Defendant. | ) | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiffs Lukehart Trucking, LLC (hereinafter, "Lukehart") and K. Douglas Lukehart t/d/b/a Armstrong Logistics (hereinafter, "Armstrong"), by and through their attorney, Gregory W. Swank, Esquire, submit this Response in Opposition to Defendant's Motion to Dismiss.

**I.   Factual and Procedural Background**

On November 9, 2017, Plaintiffs Lukehart and Armstrong (collectively, "Plaintiffs") filed a Civil Complaint against Defendant TAG Trans, Inc. ("Defendant") in the Court of Common Pleas of Armstrong County, Pennsylvania.  Defendant was served with the Civil Complaint on November 15, 2017 and Defendants filed a Notice for Removal based on diversity of citizenship on December 15, 2017, removing the action to

this Court.  On December 26, 2017, Defendant filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiffs' Civil Complaint states a cause of action based on an agreement between Armstrong and Defendant to haul a load of flat rolled steel products owned by shipper Allegheny Technologies, Incorporated (hereinafter, "ATI") from Bridgeview, Illinois to Baltimore, Maryland.  Subsequently, and as set forth in greater detail in Plaintiffs' Petition for Leave to File an Amended Complaint and Plaintiffs' Proposed Amended Complaint, Defendant, without Armstrong's consent, either brokered to, or entered into an agreement with, trucking firm BBC Logistics Inc (hereinafter, "BBC") to haul the load as specified in the agreement between Armstrong and Defendant.  Prior to or during the transportation of the load to Baltimore, BBC failed to properly and adequately perform and maintain the tarping of the load, which caused the load to become severely damaged.  Plaintiffs' Proposed Amended Complaint maintains Armstrong's breach of contract claim against Defendant, but also adds claims for general liability and apportionment under 49 U.S.C. §14706, commonly referred to as the Carmack Amendment, by Plaintiff Lukehart against Defendant and BBC.

## II. Argument

### A. Standard of Review

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must allege facts that state "a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged. *Iqbal*, 556 U.S. at 678. However, in considering the plaintiff's complaint, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555); see also *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The court should not grant a motion to dismiss if the plaintiff "could, upon a trial, establish a case which would entitle them to…relief." *Twombly* at 563 n.8 (citing *Leimer v. State Mut. Life Assurance Co. of Worcester, Mass.*, 108 F.2d 302, 305 (C.A. 8 1940).

**B. Plaintiff Armstrong's Common Law Claim for Breach of Contract is Not Preempted by the Carmack Amendment, 49 U.S.C. §14706, because Armstrong is a Broker, and Defendant's Preemption Argument as to Lukehart is Rendered Moot by Plaintiffs' Amended Complaint**

Defendant's argument that Plaintiffs' breach of contract claim is preempted by the Carmack Amendment is fairly accurate with respect to Lukehart, but misses the mark when it comes to Armstrong, since Armstrong, as a broker for purposes of the Carmack Amendment, is able to avoid preemption by proceeding on its own independent rights in this case, as opposed to proceeding as an assignee of ATI's rights (a role filled by Lukehart as alleged in Plaintiffs' Proposed Amended Complaint).

    **i.    Carmack Amendment Preemption – Brokers**

The Carmack Amendment "preempts separate state-law causes of action that a shipper might pursue against a carrier for lost or damaged goods." *REI Transp., Inc. v. C.H. Robinson Worldwide, Inc.*, 519 F.3d 693, 697 (7th Cir. 2008). However, preemption does not apply to "every claim even remotely associated with the transfer of goods from one place to another…" *Gordon v. United Van Lines, Inc.*, 130 F.3d 282, 288-89 (7th Cir. 1997). The Carmack Amendment outlines very clearly the causes of action available to shippers against carriers, but causes of action for, and liability against brokers is

noticeably absent from the language of the statute.  As such, courts have held that "the reasoning that the broker is separate from the shipper and the carrier as well is also consistent with the case law indicating that a broker cannot be sued as a carrier under the Carmack Amendment." *Traffic Tech, Inc. v. Arts Transportation, Inc.*, No. 15 C 8014, 2016 WL 1270496 at *3 (N.D. Ill. Apr. 1, 2016) *See Hewlett-Packard Co. v. Brother's Trucking Enterprises, Inc.*, 373 F. Supp. 2d 1349, 1351-52 (S.D. Fla. 2005)(stating that "[t]he Carmack Amendment governs carriers, not brokers"); *Custom Cartage, Inc. v. Motorola, Inc.*, 1999 WL 89563 at *3 (N.D. Ill. 1999)(stating that the "Carmack Amendment is silent on the issue of broker liability").  Similarly to the *Traffic Tech* case, Armstrong does not appear on the Bill of Lading in this case, and is not seeking to assert a cause of action for damage to the goods based on that agreement between ATI and Lukehart; instead, Armstrong seeks to assert a breach of contract action against Defendant for their own separate broker-carrier agreement.  *See Keystone Logistics, Inc. v. Struble Trucking LLC*, 2014 WL 6750052 at *3 (N.D. Ind. 2014)(explaining that bill of lading and broker agreement involved two separate contracts).  Further, the Court in *Tech Trans* explicitly held that "state law breach of contract claims are not preempted by the Carmack Amendment" with respect to brokers.  *Traffic Tech, Inc. v. Arts Transportation, Inc.*, No. 15 C 8014, 2016 WL 1270496 at *3 (N.D. Ill. Apr. 1, 2016).  Accordingly, the Court should deny Defendant's Motion to Dismiss as to Plaintiff Armstrong's breach of contract claim.

      **ii.**    **Mootness of Preemption Argument as to Lukehart**

Defendant's preemption argument against Plaintiffs' breach of contract claim as to Lukehart is rendered moot by Plaintiffs' Amended Complaint, as Lukehart asserts

liability against Defendant and BBC under the Carmack Amendment, and is entitled to do so as the assignee of ATI's claim for damages pursuant to the Carmack Amendment.

### C. Both Plaintiffs Have Standing to Assert a Claim Against Defendant as Plead in the Amended Complaint

Both Lukehart and Armstrong have standing to assert a claim against Defendant as plead in the Plaintiffs' Amended Complaint: Lukehart, as the assignee of ATI's rights under the bill of lading and contract of carriage, and Armstrong as the broker in privity of contract with Defendant pursuant to their broker-carrier agreement to haul the load that was damaged en route from Illinois to Maryland.

### III. Conclusion

For the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendant's Motion to Dismiss in its entirety.

Dated:  March 21, 2018

Respectfully submitted,

*/s/ Gregory W. Swank*
Gregory W. Swank
Pa. I.D. No. 61092
Attorney for Plaintiffs

216 N. Jefferson Street
Kittanning, Pennsylvania 16201
(724) 919-8024
(724) 919-8050 Fax

gws@swanklawoffices.com

## **CERTIFICATE OF SERVICE**

    I hereby certify that on March 21, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Gregory W. Swank*