IN THE UNITED STATES DISTICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUKEHART TRUCKING, LLC and ) <br> K. DOUGLAS LUKEHART T/D/B/A ) <br> ARMSTRONG LOGISTICS ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> TAG TRANS, INC. ) <br> ) <br> Defendant. ) | Civil Action No. 2:17-CV-01623 <br><br> **[**Magistrate Judge Cynthia Reed Eddy**]** <br><br> *Filed Electronically* |

**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

Filed on behalf of:

Lukehart Trucking, LLC and,
Armstrong Logistics,
Plaintiffs

Counsel of Record for this Party:
Gregory W. Swank, Esquire
PA ID #61092

216 N. Jefferson Street
Kittanning, Pennsylvania 16201
(724) 919-8024
(724) 919-8050 - Fax
gws@swanklawoffices.com

IN THE UNITED STATES DISTICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LUKEHART TRUCKING, LLC** and **K. DOUGLAS LUKEHART T/D/B/A ARMSTRONG LOGISTICS** | ) ) ) ) | Civil Action No. 2:17-CV-01623 |
| Plaintiffs, | ) ) | [Magistrate Judge Cynthia Reed Eddy] |
| v. | ) ) ) | *Filed Electronically* |
| **TAG TRANS, INC.** | ) ) | |
| Defendant. | ) | |

### BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

Plaintiffs Lukehart Trucking, LLC (hereinafter, "Lukehart") and K. Douglas Lukehart t/d/b/a Armstrong Logistics (hereinafter, "Armstrong"), by and through their attorney, Gregory W. Swank, Esquire, submit this Brief in Support of Plaintiffs' Motion for Leave to File an Amended Complaint.

### I. Factual and Procedural Background

On November 9, 2017, Plaintiffs Lukehart and Armstrong (collectively, "Plaintiffs") filed a Civil Complaint against Defendant TAG Trans, Inc. ("Defendant") in the Court of Common Pleas of Armstrong County, Pennsylvania. Defendant was served with the Civil Complaint on November 15, 2017 and Defendants filed a Notice for Removal based on diversity of citizenship on December 15, 2017, removing the action to this Court. On December 26, 2017, Defendant filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Filed simultaneously with this Brief, is Plaintiffs' Response in

Opposition to Defendant's Motion to Dismiss, Plaintiffs' Motion for Leave to File an Amended Complaint, and Plaintiffs' proposed Amended Complaint.

Plaintiffs' Civil Complaint states a cause of action based on an agreement between Armstrong and Defendant to haul a load of flat rolled steel products owned by shipper Allegheny Technologies, Incorporated (hereinafter, "ATI") from Bridgeview, Illinois to Baltimore, Maryland.  Subsequently, Defendant, without Armstrong's consent, either brokered to, or entered into an agreement with, trucking firm BBC Logistics Inc (hereinafter, "BBC") to haul the load as specified in the agreement between Armstrong and Defendant.  Prior to or during the transportation of the load to Baltimore, BBC failed to properly and adequately perform and maintain the tarping of the load, which caused the load to become severely damaged.

Plaintiffs' Proposed Amended Complaint seeks to add BBC as a Defendant, either via Rule 15 of the Federal Rules of Civil Procedure, or in the alternative, via joinder under Rules 19 or 20 of the Federal Rules of Civil Procedure, as BBC is the carrier that caused the actual loss in this case.  Additionally, Plaintiffs' seek to add one new count against Defendants Tag Trans and BBC to assert a claim under the Carmack Amendment, 49 U.S.C. §14706.  Finally, Plaintiffs seek to amend the caption of the case in order to accurately represent that Armstrong Logistics is not a sole proprietorship owned by K. Douglas Lukehart, but rather a general partnership consisting of K. Douglas Lukehart, Michele Lukehart, and Lukehart Trucking, LLC.

## II.  Argument

### A.  Adding BBC as a Defendant – Rule 15

Rule 15 of the Federal Rules of Civil Procedure provides that "a party may amend its pleading [with] the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  The Third Circuit has held that "[p]rejudice to the non-moving party is the touchstone for the denial of an amendment" to a complaint. *Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978).  Further, in the absence of undue prejudice, the Court's decision to deny an amendment "must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment." *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of the Virgin Islands, Inc.*, 663 F.2d 419, 425 (3d Cir. 1981).

The Plaintiffs have moved to file the Amended Complaint with the Court's leave, as allowing the Plaintiffs' to amend their original complaint would serve justice and promote judicial efficiency.  Allowing Plaintiffs to amend would not result in substantial or undue prejudice, bad faith, undue delay or futility.  Adding BBC as a defendant will allow the Plaintiff to properly assert a cause of action under the Carmack Amendment, as they are the carrier that caused the actual loss in this case.

In the event the Court determines that adding BBC as a defendant via Rule 15 is denied, BBC should be joined as a party defendant under Rule 19 or 20 of the Federal Rules of Civil Procedure.

**B.     Joinder of BBC - Rule 19**

Rule 19(a)(1) of the Federal Rules of Civil Procedure provides that "[a] person who is subject to service of process and whose joinder will not deprive the court of subject matter jurisdiction must be joined as a party if…in that person's absence, the

court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). Under Rule 19(a)(1), the court must determine if complete relief can be accorded among those who are already parties to this action. "Completeness is determined on the basis of those persons who already parties, and not as between a party and the absent person whose joinder is sought." *Angst v. Royal Maccabees Life Insurance Co.*, 77 F.3d 701, 705 (3d Cir. 1996). The court must determine whether the prevailing party would receive "hollow relief" were the absent party not joined to the pending action. *Team Angry Filmworks, Inc. v. Louise A. Geer*, 2017 WL 1092677 at *4 (W.D. Pa. 2017)(citing *Angst*, 77 F.3d 701, 705 (1996)).

As the delivering carrier that caused the actual loss in this case, BBC is a required party to this action and must be joined as a defendant under Fed. R. Civ. P. 19(a)(1)(A).

**C.    Joinder of BBC – Rule 20**

Rule 20 of the Federal Rules of Civil Procedure provides for permissive joinder of defendants where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A,B). The purpose of Rule 20 "is to entertain the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir. 1974)(quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966)).

Plaintiffs' cause of action under the Carmack Amendment against Tag Trans and BBC arises from the same transaction or occurrence, and questions of law and fact

common to both Tag Trans and BBC will arise in the action. As such, the requirements for a permissive joinder under Rule 20 are met, and BBC should be joined as a party defendant to this action.

**D.    Other Amendments**

Plaintiffs' additional amendments to the complaint include the aforementioned cause of action under the Carmack Amendment, 49 U.S.C. §14706, against Tag Trans and BBC, and an amendment to the caption of the case in order to accurately represent that Armstrong Logistics is not a sole proprietorship owned by K. Douglas Lukehart, but rather a general partnership consisting of K. Douglas Lukehart, Michele Lukehart, and Lukehart Trucking, LLC. For the reasons mentioned above, the Court should grant Plaintiffs' Motion for Leave to File an Amended Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure.

### III.    Conclusion

For the foregoing reasons, Plaintiffs respectfully request that this Court grant Plaintiffs' Motion for Leave to File an Amended Complaint.


Dated:  March 21, 2018                                      Respectfully submitted,

*/s/ Gregory W. Swank*
Gregory W. Swank
Pa. I.D. No. 61092
Attorney for Plaintiffs
216 N. Jefferson Street
Kittanning, Pennsylvania 16201
(724) 919-8024
(724) 919-8050 Fax

gws@swanklawoffices.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 21, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Gregory W. Swank*